**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00046-001-TUC- |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Huntoon , | |
| Defendant. | |

The Defendant seeks to sever Counts One and Two as being improperly joined under Rule 8 or, alternatively, seeks severance under Rule 14 because Defendant is prejudiced by joinder of Count One with Count Two. The Count One sexual allegations are "likely to produce emotionally charged feelings of disgust towards the Defendant which will invite the jury to find Huntoon guilty of Count Two without providing him a fair trial." (Motion (Doc. 60) at 4.)

It is true that the child-pornography videos found by law enforcement's investigation using sharing software, which make up the Count One charges, are more disgusting than the videos found on the flash drive (thumb drive) which make up Count Two. But this fact alone is not enough to warrant severance. *United States v. Vasquez-Velasco,* 15 F.3d 833, 846 (9th Cir. 1994) (denying severance based on argument that testimony on one count will be gruesome and emotionally moving).

Rule 8 allows for joinder "if the offenses charged . . . are the same or similar character or are based on the same act or transaction or on two or more acts or

transactions connected together or constituting parts of a common scheme or plan." Joinder is determined on the face of the indictment by looking for a nexus between the counts. *Jawara,* 474 F.3d 565, 573 (9th Cir. 2007).

Defendant argues that the pornography in the two counts is not similar and did not arise at the same time. The Count One files were discovered being shared on the internet on December 15, 2014, by a law-enforcement investigation using sharing software. The Count Two videos are deleted files found on a thumb drive on November 16, 2015, by law enforcement officers when they searched Defendant's father's house, where the Defendant had been living. Defendant asserts the two counts did not arise at the same time, but both the sharing (Count One) and possession (Count Two) occurred during the few months that the Defendant was at his father's residence. The Count One offenses involve adults sexually abusing very young children as compared to the deleted videos found on the thumb drive which show two young girls play-acting in the nude and partially clothed with the camera focusing on their pubic and vaginal areas. There is a nexus between the two counts because both offenses occurred during the same period of time and all the videos involve sexual abuse of young children, mainly little girls.

The Government intends to introduce evidence that after the Defendant moved from his motor-home from his father's Hereford property to his mother-in-law's property in Apache Junction, the Defendant continued to share child-sexual abuse videos on line. There was a common scheme or plan by which the Defendant searched for and received child pornography on line, transferred it to the thumb drive and/or stored it on his laptop computer along with hundreds of other images and videos of child pornography, and thereby amassed and accumulated a collection of child pornography. The lap top evidence ties all the videos from both counts together.

In the Ninth Circuit "'joinder is the rule rather than the exception.'" *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)). This Court's dominate concern in deciding the question of severance is judicial economy. *Id.*

"Rule 14 sets a high standard for showing prejudice from joinder." *Vasquez-Velasco,* 15 F.3d at 845. Joinder must be so manifestly prejudicial that it outweighs the dominate concern for judicial economy, *Whitworth,* 856 F.2d at 1277. Defendant must prove clear, manifest or undue prejudice from a joint trial such as to deny him a fair trial. *Vasquez-Velasco,* 15 F.3d at 845-46.

The Court finds there is a clear nexus between Count One and Count Two, which is evident when you consider that the video files charged under both counts are on Defendant's laptop, along with hundreds of other incriminating pictures. The laptop links the Defendant to both counts. Meaning that at trial there will be no meaningful qualitative difference between the evidence underlying Count One or Two. The Government submits that the Defendant resided at the Hereford residence, where he had access to his father's Wi-Fi for sharing purposes and access to the garage where the thumb drive was found, he moved to Apache Junction and was arrested there and charged by Pinal County with distribution of child pornography by using sharing software on his laptop computer, and the child pornography found in the Pinal County case on his laptop computer was the same type found on the thumb drive and shared in this case.

This is not a case where inflammatory evidence to prove Count One is not admissible to prove Count Two; arguably, if the counts were not joined evidence of one would be admissible as to the other under Rule 414 or 404(b). Repulsive evidence, alone, does not establish unfair prejudice if prejudice is outweighed by the probative value of the evidence. *Cf., United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir.2001); *United States v. Spillone*, 879 F.2d 514, 520 (9th Cir.1989) (under Rule 404(b) and 403 balancing, the probative value of evidence is not outweighed by unfair prejudice where prior conviction has a "clear logical connection" to the issue of knowledge and intent in the present case). Here, there is a clear logical connection between the two counts, and each count is probative of the other. Joinder of the two counts in this case will not prelude the Defendant from getting a fair trial.

The Court finds that the counts are properly joined under Rule 8, and there is no basis to sever the counts for trial because any prejudice is outweighed by the interests of judicial economy.

**Accordingly,**

**IT IS ORDERED** that the Motion to Sever (Doc. 60) is DENIED.

Dated this 26th day of March, 2018.

Honorable David C. Bury
United States District Judge