**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-16-00046-001-TUC-DCB(DTF) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Michael Huntoon , | |
| Defendant. | |

On January 17, 2018, the parties appeared before the Honorable Raner C. Collins seeking a firm trial date. He accommodated them by setting a trial date of March 19, 2018, then transferred the case to this Court for trial. This Court issued deadlines for the parties to provide the Court with proposed jury instructions and voir dire and for filing motions in limine. A pretrial conference was set for March 13, 2018. (Order (Doc. 55); Order (Doc. 61)).

After Defendant filed pretrial motions, including a Motion to Dismiss Count Two and Motion to Suppress, and filed a Motion for Disclosure (Third) the Court required a showing of good cause for filing these motions after the pretrial deadline: January 3, 2018. (Order (Doc. 73)). Defendant filed a Motion for Leave explaining that on the same day the parties appeared before Judge Collins representing that the case was ready for trial, the Government had disclosed a summary report regarding the examination of Defendant's laptop computer which had been conducted in another case in Pinal County. The laptop was then available for Defendant's expert's examination. The Defendant

alternatively filed a Motion to Preclude disclosures related to the laptop because he did not have time to examine this late disclosed evidence.

After reviewing the record, it appeared that the laptop was first discussed by the parties on January 4, 2018, at a discovery-motions hearing before Magistrate Judge Ferraro when the Government reported it would request the laptop from Pinal County and disclose it to the Defendant. This offer was in response to the Defendant's Motion for Disclosure, which seeks discovery from the Government to establish how law enforcement software which found child pornography on Defendant's computer worked and whether it worked as asserted by the Government. Judge Ferraro had heard testimony from Defendant's expert that if she could examine the Defendant's laptop she could verify the reliability of the law enforcement software reports reflecting that child pornography was being shared from the Defendant's computer. Judge Ferraro took the matter under advisement until the laptop could be secured by the Government.

On March 12, 2018, this Court denied the Motion to Preclude, and referred the Motion for Disclosure and Motion to Suppress to Magistrate Judge Ferraro to afford the parties an opportunity to present evidence and to expedite a decision on these motions. (Order (Doc. 96)). This necessitated the Court continuing the trial to April 17, 2018. *Id.*

On March 13, the Government filed a Supplemental Notice of Rule 414 Evidence, which for the first time mentioned introducing at trial evidence of child pornography located on a Lenovo desktop computer (tower) seized at the Hereford, Arizona, property, pursuant to the Homeland Security Investigation (HIS) search warrant.[1] On March 18, the Defendant filed a Motion to Suppress the Illegal Search of the Lenovo Tower. (Doc. 104). This motion was filed after the first hearing in front of Judge Ferraro, which was on March 15, but before the second hearing on March 20. This motion was not presented to Judge Ferraro because Defendant's expert had examined the laptop computer on March 15 and 16, but not the Lenovo tower. The Government has not yet filed a Response to the Motion to Suppress the Lenovo Tower.

---

[1] This evidence is now the subject of charges brought in Count Three of the Superseding Indictment filed in this case on March 21, 2018. (Doc. 121).

On March 23, 2018, Magistrate Judge Ferraro issued a Report and Recommendation (Doc. 122) to this Court recommending denial of the Defendant's Motion to Suppress evidence related to the Defendant's laptop computer. The Magistrate Judge's R&R affords the parties 14 days to file an Objection, pursuant to Federal Rule of Criminal Procedure 59(b)(2). Given the extensive briefing already existing on this subject and the short time remaining before trial, the Court will require the parties to file any objections within 7 days of the filing date of this Order, instead. Likewise, the Government should simultaneously file a Response to the Defendant's Motion to Suppress the Lenovo Tower evidence.

**Accordingly,**

**IT IS ORDERED** that the parties shall have 7 days from the filing date of this Order to file any Objections to the Report and Recommendation (Doc. 122).

**IT IS FURTHER ORDERED** that the Government shall simultaneously file a Response to the Defendant's Motion to Suppress the Lenovo Tower (Doc. 104). The Defendant may file a Reply within 2 days of the Response.

Dated this 26th day of March, 2018.

_____
Honorable David C. Bury
United States District Judge