**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00046-001-TUC-DCB (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Huntoon, | |
| Defendant. | |

## Procedural Background

On March 12, 2018, the Court denied the Defendant's Motion to Preclude evidence from and related to the Defendant's laptop computer, which was seized and searched in another case in Pinal County. The Court continued the trial date to Tuesday, April 17, 2018, to allow the Defendant time to have his expert examine the laptop and to afford him sufficient time to supplement his Motion to Suppress with any relevant evidence. The Court afforded the parties an opportunity to present evidence by referring the motion to Magistrate Judge Ferraro, along with a re-urged and related Motion for Disclosure.

The Magistrate Judge held two hearings. At the first, March 15, 2018, hearing, the parties informed the Court that the Defendant's expert was at that very time examining the laptop and the examination would continue the next day too. Defendant's counsel advised the Court that she would then have to consult with her expert to determine whether she could withdraw the Motion for Disclosure of the Government's

law enforcement software used to search the laptop or if her motion would stand. (TR (Doc. 106) 3/15/2018 at 14-15.) She would also know whether to supplement her Motion to Suppress with any evidence from the laptop, if any was discovered by her expert. Noting it would rely on the Defendant's expert testimony presented at the original hearing on January 4, 2018, on the Motion for Disclosure (TR (Doc. 74) 1/4/2018), the Magistrate Judge set an evidentiary hearing for March 20, 2018, to afford the parties an opportunity to supplement the record on both the discovery and suppression issues. *See United States v. Caymen,* 404 F.3d 1196, 1199 (9th Cir. 2007) (burden on proponent of motion to suppress to demonstrate that he has a reasonable expectation of privacy), *see also Coolidge v. New Hampshire,* 403 U.S. 443, 455 (1971) (where a search is conducted without a warrant, the government must demonstrate by a preponderance of the evidence that an exception applies).

Both parties supplemented their briefs related to the Motion to Suppress. (D's Supp. (Doc. 97); Gov't Resp. to Supp. (Doc. 100); Gov't Supp. (Doc. 102). On March 20, 2018, the Government filed a Motion to Continue, or Vacate as Moot, the hearing because Defendant had not disclosed the identity of the Defendant's expert nor the information he intended to elicit at the hearing. (Motion (Doc. 110)). Magistrate Judge Ferraro denied the motion. (Order (Doc. 111)). At the March 20, 2018, hearing neither party presented any evidence; argument by an attorney is not evidence. *Adams v. United States,* 152 F.2d 743, 744 (9th Cir. 1946), *see also Germinaro v. Fidelity National Title Insurance Company,* 2016 WL 5942236 *2 (Penn. October 13, 2016) (citations omitted) (explaining argument is not evidence, but is simply a characterization of the evidence).

The Court has reviewed the record presented to the Magistrate Judge, which primarily consisted of the state record including the warrant and affidavit executed in the Pinal County case. *See* (Transcript of Record (TR) Motion to Suppress hearing 3/15/2018 (Doc. 106); (TR hearing con't 3/20/2018 (Doc. 115); (Gov't Response (Doc. 100) at Ex. E: Maricopa County Search Warrant and Affidavit, Ex. F: TR 6/20/2017 hearing in Maricopa County Superior Court, Motion to Suppress, Ex. G: TR hearing

con't 9/1/2017). On March 23, 2018, the Magistrate Judge issued the Report and Recommendation (R&R). (R&R (Doc. 122)). He recommends that the Court deny the motion. For the reasons explained below, the Court adopts the recommendation and denies the Motion to Suppress the laptop computer evidence.

On March 13, 2018, during the pendency of this referral to the Magistrate Judge, the Government filed a Notice of Intent under Rule 414 and 404(b) to present evidence from a Lenovo computer tower which was seized and searched in this case. (Notice (Doc. 98)). The Defendant filed a Motion to Suppress the Lenovo computer. Because of the Government's late Notice, *see* (Order (Doc. 61) (setting motions in limine deadline for March 5, 2018)), the Defendant's expert had not yet examined it nor had the Government filed a Response to the Motion to Suppress it. The Magistrate Judge could not address the Motion to Suppress the Lenovo computer in his R&R. The motion is now fully briefed. The Court grants the Motion to Suppress the Lenovo computer, without reaching the merits. For reasons explained below, the Court finds the Defendant's disclosure of the Lenovo computer evidence, made on the eve of trial, is late, and it would be prejudicial to the Defendant to allow its introduction at trial on April 17, 2018.

## **The Report and Recommendation**

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187

(9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and afforded an opportunity to object. Given the fast approaching trial date and the extensive briefing already existing related to the Motion to Suppress the laptop, the Court called for expedited briefing of Objections. (Order (Doc. 128) at 3) (allowing 7 days, with 2 for a Reply)). The Motion to Suppress the laptop computer evidence is now fully briefed. The parties have likewise completed briefing the Motion to Suppress the Lenovo computer.

### **The Fourth Amendment**

A Fourth Amendment search occurs if the government, to obtain information, trespasses on a person's property to obtain that information. A Fourth Amendment search also occurs if the government violates a person's subjective expectation of privacy when such expectation is one that society is prepared to consider reasonable if infringed. *Florida v. Jardines,* 569 U.S. 1, 10 (2013) (describing reasonable-expectation test as "added to, not substituted for," the traditional property-based understanding of the Fourth Amendment) *see also* (R&R (Doc. 122) at 6 (citing *Illinois v. Andreas,* 463 U.S. 765, 771 (1983)).

"The touchstone of the Fourth Amendment is reasonableness . . .." *United States v. Knights*, 534 U.S. 112, 118 (2001)). "[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness." *Illinois v. Gates*, 462 U.S. 213, 267 (1983) (White, J., concurring in judgment)). Nevertheless, both the scope of a seizure permitted by a warrant, and the reasonableness of government conduct in executing a valid warrant, can present Fourth Amendment issues. *United States v. Ganias,* 824 F.3d 199, 209-210 and n. 21-22 (2nd Cir. 2016) (en banc) (describing scope of the seizure as limited by the

prohibition on "general warrants," and the manner of execution of a warrant as being subject to later judicial review for reasonableness).

In *Ganias,* the court considered whether to suppress evidence found by the government pursuant to a 2006 search warrant issued to search mirrored images of hard drives seized and searched pursuant to a 2003 search warrant issued in an investigation into different conduct by a different individual. The court denied suppression based on the government's good faith execution of the second search warrant, but noted an awkward fit of container cases such as *United States v. Tamura,* 694 F.2d 591 (9th Cir. 1982) in the context of computer searches. *Ganias.* 824 F.3d at 208-221, *see also* (D's Objection (Doc. 131) at 6-11). The court in *Ganias* suggested that courts grappling with applying the Fourth Amendment to digital data soon recognize the distinctions, and should as best they can remain mindful of the privacy interests that necessarily inform the analysis. *Id.* at 218.

To do this, the *Ganias* court underscored the importance of a fully developed record regarding the technological specifics of the case in answering Fourth Amendment questions. *Id.* at 217. And, while resolving the *Ganias* case on the issue of good faith, it concluded "moreover, that [it] should not decide [the Fourth Amendment] question on the present record before it because the record did not permit a full assessment of the complex and rapidly evolving technological issues and the significant privacy concerns relevant to the inquiry. *Id.* at 220-221.

The Court is confident that an adequately developed record exists here to decide the Defendant's Fourth Amendment challenge to the search of the laptop computer, but finds that the record is not sufficiently developed to decide the merits of the Motion to Suppress the Lenovo computer.

The Magistrate Judge's R&R lays out the facts relevant to the Motion to Suppress the laptop evidence, (R&R (Doc. 122) at 1-3), and the Court does not repeat them. Suffice it to say that the Defendant's motion hinges on two assertions: 1) the state search warrant lacked probable cause because the affidavit contained knowingly false

information, and 2) the federal search of the mirror image of the laptop is presumptively unreasonable because the Government did not get a search warrant. *Id.* at 3. In his Objection, the Defendant adds a new argument not presented to the Magistrate Judge challenging the state search warrant as over-broad and lacking particularity. (D's Objection (Doc. 131) at 13-17.)

1. Motion to Suppress Laptop Computer and request for *Franks*[1] Hearing

The Court is aware that in respect to the first question it was previously urged and rejected in the state court case. But, "[i]n determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out. The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed." *Elkins v. United States,* 364 U.S. 206, 223-224 (1960).

The duty of a court reviewing whether or not a warrant is supported by probable cause "is simply to ensure that the magistrate had a 'substantial basis for... conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *see also United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007) ("Normally, we do not 'flyspeck' the affidavit supporting a search warrant through *de novo* review; rather, the magistrate judge's determination should be paid great deference." (internal quotation marks omitted)). "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a commonsense, practical question. Neither certainty nor a preponderance of the evidence is required." *United States v. Kelley*, 482 F.3d 1047, 1050

---

[1] *Franks v. Delaware,* 438 U.S. 154 (1978).

(9th Cir. 2007) (internal quotes omitted)). In the Ninth Circuit, a magistrate judge's determination that probable cause exists is accorded "great deference." *Id.*

In the Defendant's Objection, he complains that the Magistrate Judge erred by not conducting a *de novo* review. (Objection (Doc. 131) at 4 (citing *United States v. Elliott,* 893 F.2d 220, 222 (9th Cir. 1990)). The court in *Elliott* distinguished between a magistrate's determination that sufficient probable cause exists to issue a search warrant, which will not be overturned unless it is clearly erroneous, and a district court's review of the motion to suppress allegations of false statements and their effect on probable cause, which is an independent determination of the consequences of a fraud on the issuing magistrate-- which the magistrate was not in a position to evaluate. The latter is subject to *de novo* review while the former is not. The Magistrate Judge limited his *de novo* review to his assessment of "whether there is substantial evidence in the record supporting the judge's decision to issue the State search warrant." (R&R (Doc. 122) at 5.)

In his Objection, the Defendant reasserts that a glaring conflict exists between a statement in the warrant affidavit and a transcript of the conversation upon which the affidavit statement is allegedly based, and therefore the affidavit contains a false material statement. According to the Defendant the agent added false information about a fictitious Ethernet cable. (D's Objection (Doc. 131) at 2-6.) The warrant affidavit says that Cheryl Friederich, Defendant's mother-in-law, told police that the Defendant uses an Ethernet cable to run her internet service from her house to his 5th wheel recreational vehicle, parked on her property, where he lives with her daughter, the Defendant's wife. The transcript of the conversation between Friederich and the police officer, Detective Southwick, reflects that she said she didn't know whether she had a router or a modem but that the Defendant had his computer connected to her internet service. A subsequent conversation between Friederich and Detective Angel, the officer who prepared the warrant, made it abundantly clear that she "had no understanding of her internet service, the technology involved, including the modem, the router, and how the internet service was transmitted." (D's Supp. Motion to Dismiss (Doc. 97) at 5.)

The Defendant charges: "Detective Angel obviously added the false information to create probable cause for the judge to grant entry into Huntoon's separate residence. Detective Angel created a fictitious connection of the computer in Huntoon's residence to the modem and router in Friederich's residence via a fictitious Ethernet cable. This was the connection Detective Angel needed to get probable cause to enter Huntoon's separate residence." (D's Objection131) at 5.) But for the arguably glaring inconsistency between the affidavit statement and the conversation, the Defendant makes no offer of proof to accompany his allegation of deliberate falsehood or reckless disregard for the truth. (Reply (Doc. 134) at 7-8.) The evidence is, however, as follows: Detective Angel, who provided the affidavit, testified in the Maricopa County Superior Court that he based his affidavit on what he was told by Detective Southwick,[2] who was the police officer who interviewed Friederich. As described by the Superior Court, after watching the taped interview, "Detective Southwick asks the question, "He doesn't have his own connection out there as far as a hard wire" – his words "hard wire" . . . It's all under yours"? Ms. Friederich says, "No. He's got it connected to mine." (Gov't Response (Doc. 100) at Ex. G: Maricopa County Superior Court Motion to Suppress TR 9/1/2017 hearing (Doc. 100-7) at 25); *see also* (Gov't Response (Doc. 100) at Ex. C: TR Audio Recording (Doc. 100-3) at 2).[3] The Court finds no evidence of deliberate falsehood or reckless disregard for the truth. Based on his question, her failure to correct him regarding the notion of a hard wire connection, and her response that Defendant was connected to her internet service, Detective Southwick and Detective Angel, who relied on Southwick's representations, had a good faith belief that there was a "hard wire," i.e. Ethernet, connection between Friederich's house and the Defendant's 5th wheel RV.

In his Objection, the Defendant asserts the Magistrate Judge erred because he did not set aside the false statement to determine probable cause but instead inserted the fact

---

[2] Detective Southwick testified that he could not remember whether he spoke with Detective Angel or to another agent, but it is undisputed that he was the originating source for these details. (Gov't Response (Doc. 100) at Ex. F: Maricopa County Superior Court Motion to Suppress TR 6/20/2017 hearing (Doc. 100-6) at 18.)
[3] *But see* (R&R (Doc. 122) at 4) (relying misstated transcript of record as provided by Defendant in Supplement (Doc. 97) at 4.)

that Huntoon had internet access from Friederich's IP Address. "The Court cannot consider information not presented to the issuing judge in evaluating whether there was probable cause." (D's Objection (Doc. 131) at 5 (citing *United States v. Luong*, 470 F.3d 898, 904-05 (9th Cir. 2006) (explaining the reviewing court may not consider information beyond the four corners of the affidavit)). The Defendant argues that the *Franks* error cannot be cured even if probable cause existed and could have been shown in a truthful affidavit. *Id.* (citing *Baldwin v. Placer County*, 418 F.3d 966, 971 (9th Cir. 2005)).

The Court has reviewed the affidavit and finds that the Magistrate Judge did not add to it, he simply did not set aside the entirety of the information related to the Defendant's access to the internet service associated with Cheryl Friederich's IP address. The affidavit as redacted by the Defendant is highlighted, in comparison to the Court's set-aside of information reflected by the strikeouts, both are as follows:

> . . . **Cheryl told Detective Southwick that she gets her internet in the home and that Michael Huntoon uses** ~~an Ethernet cable and runs it~~ **from the 5th wheel RV into her home and into the router.** ~~This cable connects Michel's laptop to the internet~~. Detective Southwick also met with Michael Huntoon and **Michel stated that he and his wife reside in the 5th wheel at 1404 S. Smythe and he accesses the internet from** ~~the Ethernet cable from~~ **the RV to the house.**

The Court agrees with the Magistrate Judge. It is undisputed that the Defendant's laptop computer was connected to Friederich's internet service having the IP address corresponding to the search warrant. (TR (Doc. 115) 3/20/2018 hearing); (TR (Doc. 106) 3/15/2018). It is not material whether Defendant received his internet service through an Ethernet cable or Wifi modem; "[t]he material fact is that Huntoon was connected to his mother[in-law]'s Internet service where the child pornography was received and shared." (R&R (Doc. 122) at 5.) This fact remains after the allegedly false Ethernet information is set aside.

The Court agrees that with or without the Ethernet detail there is substantial evidence in the record supporting the state judge's issuance of the warrant. The affidavit reflected details of two state investigations, which had discovered specific videos depicting sexual exploitation of minors that were available for sharing on a specific IP

address associated with the property, 1404 S. Smythe Drive, Apache Junction, where Defendant, who was living on the property in a 5th wheel RV. Officers were told by the owner of the IP address that the Defendant was connected to her internet service. The Court agrees that the affidavit provided substantial evidence to support a fair probability that state investigators would find child pornography at the location to be searched. (R&R (Doc. 122) at 5.) The location included all the dwelling structures on the property, including the 5th wheel RV, and sheds and all computer equipment, including Huntoon's laptop.

The Court agrees with the Magistrate Judge that a *Franks* hearing is not required because even when the allegedly intentional and reckless false "Ethernet" statements are set aside, there remains sufficient content in the warrant affidavit to support a finding of probable cause. *Franks v. Delaware,* 438 U.S. 154, 171-172 (1978).

2. Government's Search of the Mirror Image of the Defendant's Laptop Computer

"[T]wo years after State law enforcement officers searched Huntoon's laptop and found child pornography, federal agents received a mirror image of the laptop. Thereafter, the federal agents conducted their own examination of Huntoon's laptop without first obtaining a warrant. Huntoon argues this warrantless search violated his rights under [the] Fourth Amendment." (R&R (Doc. 122) at 6.)

Having adopted Magistrate Judge Ferraro's recommendation to find that state police detectives lawfully searched the Defendant's laptop computer, the Court likewise adopts his conclusion that subsequently the Defendant no longer had any expectation of privacy in the contraband child pornography files. (R&R (Doc. 122) at 6 (citing *United States v. Jacobsen,* 466 U.S. 109, 114-115 (1984)).

As explained in the R&R, whether there is a reasonable expectation of privacy is determined by whether society is prepared to recognize a subjective privacy expectation as objectively reasonable. (R&R (Doc. 122) at 6), *see also United States v. Ruiz*, 664 F.3d 833, 838 (10th Cir. 2012). The Supreme Court has cautioned: "The concept of an interest in privacy that society is prepared to recognize as reasonable is, by its very

nature, critically different from the mere expectation, however well justified, that certain facts will not come to the attention of the authorities." *Jacobsen*, 466 U.S. at 122. As explained by the Court in *Jacobsen,* there are multiple factors to consider when determining whether the government's intrusion infringes on a legitimate interest, and no single factor is determinative—but ultimately whether society recognizes a privacy interest as reasonable is determined based on our societal understanding regarding what deserves protection from government invasion. *United States v. Alabi,* 943 F. Supp.2d 1201, 1247 (NM 2013) (relying on *Katz v. United States*, 389 U.S. 347, 353 (1967)); *Ruiz*, 664 F.3d at 838; *Jacobsen*, 466 U.S. at 122; *California v. Ciraolo*, 467 U.S. 207, 212 (1986); *Oliver v. United States*, 466 U.S. 170, 181-83 (1984). "The Supreme Court has held that '[o]fficial conduct that does not 'compromise any legitimate interest in privacy is not a search subject to the Fourth Amendment.'" *Alabi,* 943 F. Supp.2d at 1247-48 (quoting *Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (quoting *Jacobsen*, 466 U.S. at 123), *see also* (R&R (Doc. 122) at 6).

The Supreme Court has held that there is "'[n]o protected privacy interest [] in contraband in a container once government officers lawfully have opened that container and identified its contents as illegal.'" (R&R (Doc. 122) at 6) (quoting *Jocobsen,* 466 U.S. at 114-115)).

In his Objection, the Defendant argues that *Jacobsen* and other container cases should no longer be applied in the context of computer searches  He asserts that privacy interests in a person's computer storage devices are especially strong because they store vast amounts of personal information, (D's Objection (Doc. 131) at 7) (citing *Riley v. California,* 134 S. Ct 2473, 2458 (2014)), of a type which "implicates the Fourth Amendment's specific guarantee of the people's right to be secure in their 'papers,'" *id.* (quoting *United States v. Cotterman*, 709 F3d 952, 964 (9th Cir. 2013) (quoting U.S. Constitution Amendment IV)).

The Court agrees. Likewise, the Court agrees: "'[t]he contours of [the Fourth Amendment's] protections in the context of computer searches pose difficult questions.'"

(D's Objection (Doc. 131) at 7) (quoting *United States v. Adjani,* 452 F.3d 1140, 1152 (9th Cir. 2006)). "Computers are simultaneously file cabinets (with millions of files) and locked desk drawers; they can be repositories of innocent and deeply personal information but also of evidence of crimes. . . . As society grows ever more reliant on computers . . . courts will be called upon to analyze novel legal issues and develop new rules within our well established Fourth Amendment jurisprudence." *Id.* The Court does not, however, agree that: "Huntoon's case appears to be one with such novel legal issues that was not contemplated in the 1980's by the Supreme Court." *Id.* The HSI search of Huntoon's laptop, pursuant to the state search warrant, was limited to searching and finding contraband, specifically child pornography. When the state officers turned over the mirror image of the laptop to HSI, it had already been searched and found to contain such contraband and HSI searched for only these contraband materials.

There is strong precedential support for the Magistrate Judge's finding that there is no constitutionally protected privacy interest in contraband. The Court has gone so far as to create a class all its own, *sui generis,* for cases involving unique investigative procedures which are limited to searching only contraband, such as canine sniffs which seek and find only contraband or drug tests which establish a substance is or is not illicit. The point being that these types of searches are limited in both manner and content to disclose only the presence or absence of a contraband item and, therefore, do not constitute a "search" within the meaning of the Fourth Amendment. *Alabi,* 943 F.Supp.2d at 1248-1250 (citing *United States v. Place,* 462 U.S. 696, 707 (1983) (drug dogs); *Jacobsen,* 466 U.S. at 122-24 (drug testing for illicit chemical substances).

This Court does not suggest that this is a *sui generis* case, but the search here was limited in both manner and content to contraband. Only contraband, child pornography, was subject to the HSI search and the search was designed to only find contraband child pornography. The Court rejects the Defendant's argument that the search had to be limited to "searching" the exact contraband files found by the state officers, s*ee* (D's Objection (Doc. 131) at 8-9 (complaining that HSI found child pornography files not on

the State's evidence list)).  It was only necessary for HSI to limit the search to finding evidence of child-pornography.[4]

This Court agrees with the Magistrate Judge's conclusion that the Government's examination of only the contraband child pornography files contained in the Defendant's laptop was not a search within the meaning of the Fourth Amendment.

The Court rejects the various arguments made in Defendant's Objection that the State either violated statutory warrant provisions[5] or the plain language of the search warrant protocols. The Defendant makes these arguments to challenge HSI's lawful right to search the laptop computer without obtaining a second search warrant. This Court finds instead that the Defendant had no protected privacy interest in the contraband child pornography files on his laptop computer.

There is ample case law to support the Government's position that a second warrant to search a properly seized computer is not necessary as long as the subsequent search does not exceed the probable cause articulated in the original warrant. *United States v. Gregoire*, 638 F.3d 962, 967–68 (8th Cir.2011) (allowing second search after one-year delay), *see also United States v. Grimmett*, 439 F.3d 1263, 1268–69 (10th Cir. 2006) (finding no second warrant necessary because federal agent's search was within confines of search authorized by state search warrant and was not an impermissible general search), *compare United States v. Carey*, 172 F.3d 1268, 1271, 1273-74 (10th Cir.

---

[4] Because the Court finds that the Government is not limited to re-searching the same contraband files found by the State, it also finds that it is reasonable that HSI may have inadvertently "searched" files which ultimately turned out to not be part of the contraband child pornography on the Defendant's laptop. Under the Fourth Amendment some perusal, generally fairly brief, of documents is allowed to enable police to perceive the relevance of the documents to the crime. *United States v. Mannino*, 635 F.2d 110, 115 (2d Cir.1980); *accord Andresen v. Maryland*, 427 U.S. 463, 482 n. 11 (1976) (explaining some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those papers authorized for seizure). In the event the Government intends to offer any evidence that is not contraband, the Court will preclude it.

[5] To the extent the warrant affidavit and A.R.S. § 13-3920 precluded state law enforcement from turning over the mirror image of the laptop hard drive or the evidence they discovered in the state investigation, without a court order, this Court would have issued such an Order and thus the evidence which is the subject of the Motion to Suppress would have been inevitably discovered. The Court does not find this to be a constitutional argument; there is no evidence that A.R.S. 13-3920 disclosure provisions are based on the Fourth Amendment.

1999) (finding the original warrant authorized a search of a computer for evidence related to illegal drug sales, when officers found evidence of another crime—possession of child pornography—another warrant was needed). "[E]ven evidence not described in a search warrant may be seized if it is reasonably related to the offense which formed the basis for the search warrant." *United States v. Wright*, 343 F.3d 849, 863 (6th Cir. 2003).

In the Ninth Circuit, subsequent searches conducted years apart have been allowed pursuant to one warrant. *United States v. Johnston,* 789 F.3d 934, 941 (9th Cir. 2015).[6] In the Ninth Circuit, "once an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant." *United States v. Turner*, 28 F.3d 981, 983 (9th Cir. 1994) (quoting *United States v. Burnette*, 698 F.2d 1038, 1049 (1983) (finding no reasonable expectations in privacy once an item has been lawfully seized and searched). And, so the Court's analysis comes full circle. The Court finds that once the State lawfully searched the laptop and found contraband, the Defendant no longer had a protected privacy interest in the contraband contents of the laptop.

Finally, the Defendant makes one last argument. He asserts that the state search warrant was over-broad and lacked particularity in describing the places to be searched and the items to be seized. He argues that the warrant failed to provide sufficient guidance to officers conducting the search because it failed to specify "the crime to be investigated, the specific places to be searched, and the types of evidence to be seized.

---

[6] The Court rejects the Defendant's interpretation of Fed. R. Crim. P. 41(e)(2)(B), which provides that a warrant may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information, and unless specified otherwise, the warrant authorizes **a later review** of the media or information. The Defendant submits "a" means one and only one search. (Objection (Doc. 131) at 12.) The Court cannot agree. The Ninth Circuit has allowed staged or phased searches. *See e.g., Johnston,* 789 F.3d at 942 (finding reasonable to phase searches with initial scan performed on site to determine if computer contained child pornography; another done later after defendant declined to accept a plea offer, and later still the third, most exhaustive, search was conducted in anticipation of trial). So while it is "constitutionally unreasonable" for the Government to "seize and indefinitely retain every file on [defendant's] computer for use in future criminal investigations," *Ganias,* 755 F.3d at 137. This is not that case. The mirror image of the Defendant's laptop was being retained by the State for use in an ongoing criminal investigation in Pinal County.

(D's Objection (Doc. 131) at 16-17.) The Court has reviewed the briefs submitted to the Magistrate Judge and the transcripts from the two hearings he held. The Defendant raises this issue for the first time in the Objection. This Court need not consider an issue which is raised for the first time in an Objection to the Report and Recommendation and may consider it waived for Defendant's failure to raise it before the Magistrate Judge. *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638–39 (9th Cir.1988) (district court properly ruled that issues raised for the first time in objections to magistrate's report had been waived), overruled on other grounds, *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992), *see also, Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") The Court finds the issue waived.[7]

### 3. Motion to Suppress Illegal Search of Lenovo Tower[8]

Subsequent to the Government's Supplemental Notice of Intent to Introduce 414 Evidence, which was filed as noted above on March 13, 2018, the Defendant filed the Motion to Suppress the Lenovo computer evidence under the Fourth Amendment. The Magistrate Judge could not address the Motion to Suppress the Lenovo computer in his R&R because it was not fully briefed. The Government has now filed a Response. The

---

[7] The warrant specified the premises as including the manufactured home, the 5th wheel RV, another RV, and unattached sheds, from where there was being possessed or concealed certain property or things, which were described with particularity as computer related things, images or movies, generally or as specified in the warrant, containing or displaying minors engaging in any sexual activity or sexual exploitation, evidence related to ownership, control, or use of the residences, computer systems, etc., *see* (Reply to D's Objection (Doc. 134) at 13) (summarizing warrant), all of which property or things were being used as a means for committing the public offense of Sexual Exploitation of a Minor, a class 2 felony. It is absolutely inaccurate to describe the warrant as failing to place limitations on the specific evidence sought or to describe it as allowing officers to search all of Huntoon's computer records <u>without any limitations</u> on what files could be seized or how those files related to specific criminal activity. The Court agrees with the Magistrate Judge's description of the parameters of the state search warrant as being robust but limited to those things used as a means for committing sexual exploitation of a minor, i.e., possessing and/or distributing child pornography. (R&R (Doc. 122) at 7-8.)

[8] The Government also filed a Superseding Indictment on March 21, 2018, adding new charges based on child pornography found on the Lenovo computer: Count Three. The Court severed Count Three for trial because, without a waiver, under 18 U.S.C. § 3161(c)(2), a trial on Count Three "shall not commence less than thirty days from the date on which the defendant first appears." Given the firm April 17, 2018, trial date set in this case, severing Count Three allows the case to proceed to trial on Counts One and Two.

Government intends to introduce under Fed. R. Evid. 414 and 404(b) "evidence of child pornography located on the Lenovo desktop computer seized during the execution of the search warrant by HSI." (Notice (Doc. 98) at 1.) The Government asserts "a subsequent examination of the Lenovo desktop computer seized by [Homeland Security Investigation] HSI from the Polly Drive address in Hereford contained approximately 110 files depicting child pornography in the downloads folder of the computer." *Id.* at 3.

Defendant challenges the "subsequent" examination of the Lenovo desktop computer under the Fourth Amendment. Defendant explains that the HSI search warrant was executed on November 16, 2015, at the Hereford address and agents seized 28 items from a detached garage for later analysis, including a Lenovo computer tower and USB flash drives. A forensic examination was conducted around December 3, 2015. SA Nuckles authored a forensic report as follows: "Of all of the items submitted for analysis, only one item was found to contain child pornography. That item was a 4GB Sony brand USB flash drive (thumb drive)." (Motion to Suppress (Doc. 104): Forensic Report (Doc. 104-3) at 1.) This forensic report was disclosed to the Defendant.

Subsequently,[9] on February 14, 2018, the Government had Magnet Forensics conduct another search of the Lenovo computer. They found the child pornography files and generated a forensic report on February 22, 2018, which was thereafter disclosed to the Defendant.

The Court notes that the merits of the Defendant's Fourth Amendment challenge related to the February 2018 search of the Lenovo computer differs from the analysis

---

[9] In its Response, the Government paints the December 3, 2015, search as not a complete forensic examination because the Defendant was in state custody, (Response (Doc. 130), and explains that "once the defendant rejected the government's plea offer and indicated that he would be proceeding to trial, Agent Nuckles completed a "more thorough forensic examination," which is the subject to the Motion to Suppress, *id.* at 3. The Court is confused because the Defendant's Motion to Suppress includes a copy of a forensic report for the "subsequent" search which reflects it was conducted by Magnet Forensics, requested by the Government on February 14, 2018, and reported on the 24th. The record reflects the last extension of the Plea Deadline occurred on November 3, 2017, when it was extended to January 5, 2018, and a pretrial conference was set before Magistrate Judge Ferraro. At the time the Government requested the "subsequent" more thorough forensic examination there was a "firm" trial date set for March 19, 2018. *See also* (Reply (Doc. 133) (reporting there was no formal plea offer in this case and any informal plea offer would have been sometime before May, 2017).

applied to the Government's search of the laptop. First, and foremost, the February search was conducted after an initial search of the Lenovo computer found no child pornography on it. Accordingly, the contraband analysis above does not apply here. There is a question of whether probable cause even existed for the search subsequent to the laptop being found to not contain any contraband. Additionally, the Court notes the rational for allowing later review of electronically stored information does not apply to the delay that occurred here. Rule 41(e)(2) allows for later review because it can take "a substantial amount of time" for "forensic imaging and review of information . . . due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs." Advisory Committee Notes, 2009 Amendments. There is no support in the existing record that the two-year delay in conducting the February 2018 search of the Lenovo computer was reasonable under the Rule 41 rational for later review.

Likewise, the Government's arguments in opposition differ here as well. The Government asserts that the Defendant cannot establish a legitimate privacy interest in the Lenovo computer because he has "both repeatedly denied ownership and abandoned the property at his father's house." (Response (Doc. 130) at 5.) The Government argues it was reasonable to retain the Lenovo computer to phase in the searches as the investigation progressed. And, even if the February 2018 search was not reasonable, the Government submits "there is no evidence in the record to suggest that agents were acting in any manner other than an objectively reasonable one," (Response (Doc. 130) at 13), by relying on the lawfully issued and executed November 2015 warrant. Therefore, the good faith exception applies. The Court notes the burden is on the Government to prove this warrant exception applies. *Coolidge,* 403 U.S. at 455.

Here, there are no facts in evidence for this Court to make a reasonableness determination, especially since the "subsequent" search wasn't phased in until the eve of trial—a fact undermining the credibility of this rationale. There is no evidence in the record upon which this Court may rely to make a finding of good faith.

On the limited record that exists at this time, the Court is unable to decide the merits of the Defendant's Fourth Amendment claim. This inability is caused by the Government's delay in conducting the "subsequent" search until the eve of trial.[10] The Court notes that the search was initiated by the Government on February 14 and completed February 22, when the trial was set for March 19, per the parties' request for a firm trial date. The Court does not know when the Magnet Forensics' forensic report was disclosed to the Defendant, but the Notice of Intent to use this evidence under Rules 414 and 404(b) was filed March 18, six days after the Court continued the trial date to April 17, 2018, a continuance necessitated by the Government's delay in securing the laptop evidence. As noted in the previous section of this Order, the Government knew the laptop existed from the inception of the case, and offers no explanation for why it delayed securing it until after the discovery and pretrial motions deadlines had expired in the case. While the Court remedied this late disclosure in respect to the laptop by continuing the trial date, it will not further delay the trial. *See* (Order (Doc. 127) (severing Count III (Lenovo computer) for trial)).

The Court precludes the evidence[11] found on the Lenovo computer because it was disclosed by the Government after the disclosure deadline, November 17, 2017, after the pretrial motions deadline, January 3, 2018, and with at most only about 30[12] days left before trial. This late disclosure prejudiced the Defendant's ability to prepare for trial because it is only now that he sees the full extent of evidence the Government seeks to bring against him. Neither his attorney nor his computer expert has had time to examine

---

[10] *See* n. 2.

[11] At the pretrial conference, the Government asked the Court to except evidence other than child pornography images found on the Lenovo computer from the suppression order. The Court suggested it might allow the Government to present evidence linking the Defendant's laptop computer to the Lenovo computer and vice versa. The Defendant objected without argument. The Court will hear from Defendant regarding his argument supporting his objection before deciding whether to admit non-image evidence found on the Lenovo computer.

[12] The Court is aware that Rule 414(b) provides for the Government to disclose its intent to use 414 evidence "at least 15 days before trial' but that assumes there has been timely disclosure and opportunity to challenge by pretrial motion the evidence which is the subject of the notice of intent. Here, no such timely disclosure was made. To the contrary, the Government disclosed there was no incriminating evidence on the Lenovo computer.

the Lenovo computer evidence to prepare a defense. *Cf.* (Motion to Preclude (Doc. 83) (complaining about late disclosures related to laptop computer, requiring continuance of March 19 trial date to April 17, 2018)). Finally, this Court does not have time to conduct a hearing and develop the evidentiary record which would enable it to rule on the merits of the pretrial motion challenging the search under the Fourth Amendment. This Court agrees with the court in *Ganias* that a fully developed record regarding the technological specifics of the search is important in answering Fourth Amendment questions, i*d.* at 217, especially here where the first search failed to find the child pornography found in the second search. The Court grants the Motion to Suppress for purposes of the trial on Counts One and Two set on April 17, 2018, and refers the Motion to Suppress the Lenovo Computer to Magistrate Judge Ferraro for an evidentiary hearing and R&R in time for the trial on Count III.

## **Conclusion**

After *de novo* review of the issues raised by the Defendant in his objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion to Suppress the laptop computer evidence. The Court adopts it. The Court denies Defendant's Motion to Suppress Evidence from the laptop computer. The Court grants the Motion to Suppress the Lenovo computer for purposes of the April 17, 2018, trial and refers the motion to Magistrate Judge Ferraro for an evidentiary hearing and R&R to be held in time for a trial on Count III.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (Doc. 122) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Illegal Search of Laptop Computer (Doc. 66) is DENIED.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Suppress Illegal Search of Lenovo Computer (Doc. 104) is GRANTED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Ferraro for an evidentiary hearing and R&R on Defendant's Motion to Suppress Illegal Search of Lenovo Computer.

Dated this 11th day of April, 2018.

Honorable David C. Bury
United States District Judge