**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00046-001-TUC-DCB (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Huntoon, | |
| Defendant. | |

After hearing arguments on Defendant's objections to the Government's Notice of Intent to Introduce 414 and 404(b) Evidence (Doc. 48) and its Supplemental Notice (Doc. 98), the Court overrules the objections and will admit the evidence, with limitations to prevent unfair prejudice to the Defendant.

The Government's initial Notice proposes to introduce evidence of Defendant's prior child molestation[1] offense which resulted in a conviction in 1999 and evidence of the pending Pinal County case against the Defendant for ten counts of sexual exploitation of a minor for possession and distribution of child pornography files found on his laptop being shared from the Apache Junction IP address. The Government's Supplemental Notice proposes to introduce the downloads of child pornography from the Apache Junction IP address found by Phoenix and Chandler police, during independent investigations which ultimately resulted in the Pinal County case charges.

---

[1] Defendant was charged with child molestation and indecent exposure, but pled guilty to attempted child molestation. The certified documents the Government intends to admit reflect both.

The Defendant objects, arguing that the criteria for admissibility under either Rule 414 or 404(b) are not met, and the evidence, even if admissible, must be excluded under Rule 403 because it is more prejudicial than probative.

Federal Rule of Evidence, Rule 414 provides: "In a criminal case in which the defendant is accused of an offense of child molestation, the court may admit evidence that the defendant committed[2] any other child molestation. The evidence may be considered for its bearing on any matter to which it is relevant." Rule 414(a). "This includes the defendant's propensity to commit sexual assault or child molestation offenses, and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense." In other words, Rule 414 supersedes in sex offense cases the restrictive aspects of Rule 404(b)'s general prohibition of evidence of character or propensity. Advisory Committee Notes, 2011 Amendments, citing Note to 405(c) Congressional Discussion.

The Rule defines "child molestation" as a crime under federal law or state law involving "conduct prohibited by 18 U.S.C. chapter 110" and "contact between any part of the defendant's genitals or anus and any part of a child's body." Rule 414(d)(D). The Defendant is charged with violating 18 U.S.C. § § 2252(a)(2), (b)(1) and 2252A(a)(5)(B), (b)(2), all conduct prohibited by 18 U.S.C. chapter 110.

The Pinal County charges of sexual exploitation of a minor are for committing conduct that mirrors the federal offenses and, therefore, are crimes defined as child molestation under Rule 414. The Phoenix and Chandler police downloads are the distribution part of the Pinal County case.

The Defendant's 1999 conviction reflects that he committed child molestation, defined as intentionally or knowingly engaging in or causing a person to engage in sexual contact, defined as any direct or indirect touching, fondling or manipulating of any part of

---

[2] The Court rejects the Defendant's argument, based on the English language that "committed" means the other act must have been committed before the commission of the charged offense. There is no case law to support this, and "committed" simply reflects that the Court may consider "any other child molestation," as compared to a conviction for or a prior act of child molestation.

the genitals by a part of the body. The 1999 conviction involved conduct by the defendant of exposing himself to two children, a brother (age 3) and sister (age 6),[3] and touching between his penis and the girl's finger or hand. (Notice (Doc. 48) at 6 (citing Attachment A at 12.) Consequently, the 1999 conduct is a crime defined as child molestation under Rule 414 because it was "contact between any part of the defendant's genitals and any part of a child's body.

Under Rule 414, evidence that the defendant committed other acts defined as child molestations "may be considered on any matter to which it is relevant." Fed.R.Evid. 413(a), 414(a). "A relevant [child molestation] is one committed in a manner similar to the charged offense." *See United States v. Rodriguez*, 581 F.3d 775, 796 (8th Cir. 2009) (affirming district court admission of two convictions for sexual assaults where victim was kidnapped, but excluding other conviction for only kidnapping). Once relevance is determined, admissibility hinges on whether the testimony's probative value is substantially outweighed by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir.1997).

Prejudice under Rule 403 is assessed by looking through a special lens at Rule 414 evidence "'[because of the inherent strength of the evidence" . . . "a court should 'pay careful attention to both the significant probative value and the strong prejudicial qualities' of [414] evidence.'" *United States v. LeMay,* 260 F.3d 1018, 1027 (9th Cir. 2001) (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer,* 232 F.3d 1258, 1268 (9th Cir. 2000)). The Ninth Circuit has articulated several factors to apply when determining whether the danger of unfair prejudice substantially outweighs the probative value of 414 evidence: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) "the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the

---

[3] The documents of conviction reflect two child-victims. The PSR reflects there was a third child involved in the indecent exposure offense.

- 3 -

testimonies already offered at trial. *Id.* This list of factors is not exclusive, and district judges should consider other factors relevant to individual cases. *Id.*

The Court turns first to the question of relevancy. The Pinal County charges which are almost identical to the charges in this case are relevant to show propensity. The Phoenix and Chandler investigations found numerous instances of child pornography being shared on the internet from the Defendant's laptop computer via the Apache Junction IP address which led to the Pinal County case. The investigations all used the same type of law enforcement software and all similarly discovered child pornography being shared from the Defendant's laptop, with the only distinction being between the Hereford and Apache Junction IP addresses. The instances of sharing child pornography from the Apache Junction IP address and his laptop are relevant to show his propensity to distribute child pornography via the internet and to possess it on his laptop.

The Pinal County child molestation offenses, including the distribution of child pornography found by the Chandler and Phoenix police, are admissible relevant evidence of propensity, if the Government can establish "that a jury could reasonably find by a preponderance of the evidence that these other child molestation offenses occurred. The Ninth Circuit does not require a conviction; relevancy of the other offenses is in the details. *United States v. Mann,* 193 F.3d 1172, 1174 (10th Cir. 1999). As this Court extensively discussed in its Order denying suppression of the laptop evidence, there was probable cause for the issuance of the state search warrant at the Apache Junction IP address and search of the Defendant's laptop upon which the state discovered child pornography. (Order (Doc. 142) at 6-10.) Subsequently, the ten-count state indictment was issued on the basis of probable cause existing to believe that the crimes charged therein had been committed. *State v. Baumann,* 610 P.2d 38, 42 (Ariz. 1980). Accordingly, the Court finds a jury could reasonably find by a preponderance of the evidence that these other child molestation offenses related to the Pinal County case, including the Chandler and Phoenix police investigation downloads, occurred.[4]

---

[4] Probable cause exists if something is more probable than not. A preponderance of the evidence exists if evidence preponderates over or outweighs evidence to the contrary.

- 4 -

The closer call is whether the 1999 conviction for attempted child molestation is similar to the possession and distribution of child pornography charges in this case. In *United States v. Emmert,* 825 F.3d 906, 909 (8th Circuit 2016), the court applied *Rodriguez* and affirmed the admission of evidence of sexual abuse of two girls in a trial on charges of possession of child pornography. The court discounted the difference between sexual abuse and child pornography because the age of the girls he sexually abused was similar to the age of the girls depicted in the pornographic images and the pornographic images depicted explicit acts similar to his acts of sexual abuse. Here, the ages of the victims in the 1999 case are similar in age to the young prepubescent children depicted in the child pornography offenses charged in Counts One and Two. The 1999 case also reflects the Defendant's sexual proclivity for little girls because it was the female child victim he sought to molest, not the little boy. According to the Presentence Investigation Report, his sexual molestation of the little girl reflects he was sexually stimulated by conduct similar to the "quasi-innocent" sexual nature of the activities portrayed in the videos which are charged in Count Two. For example, he had three young children in the bedroom lying on his bed watching cartoons; he had the little girl lie on top of him, touch his penis and he ejaculated on the bed, he had her go "potty" with him where he urinated in her proximity. (Notice of Intent (Doc. 48) at Ex. A: Presentence Report at 12.)

The Defendant argues that there are little boys being sexually molested amongst the images found on the laptop, but the meaningful comparison here is between the 1999 case and offenses charged here. Count One involves four child pornography files, with three involving little girls and one a little boy. Count Two involves two little girls around seven years old, a similar age to the six-year old female victim in the 1999 case, play-acting normal child-behavior in the nude and semi-nude with the camera focusing in and out on their vaginas and pubic areas. The Court finds that the 1999 offense of conviction is sufficiently relevant for Rule 414 purposes, and it is alternatively admissible under Rule 404(b) to prove state of mind (motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake or lack of accident). Defendant submitted at the pretrial conference that he does not intend to argue: "someone else did it." This does not mean identity will not be at issue. Additionally, the 1999 offense is probative to show that the Defendant has a prurient sexual interest in prepubescent children, especially little girls, which motivated him to knowingly commit the crime of distribution by downloading and sharing child pornography on the internet intending to acquire and possess a large cache of child pornography.

As 404(b) evidence, the 1999 offense of conviction is admissible if there is sufficient proof that the Defendant committed the offense, which is established by the conviction, the Presentence Report, and the sentence imposed by the court. The specifics of the sexual exploitation offense were included as sentencing considerations in the Presentence Report and even though the court allowed the Defendant to plead to attempted sexual exploitation, the severity of the sentence imposed by the court reflects it relied on the facts of the offense as being proved by a preponderance of the evidence. *State v. Martinez,* 115 P.3d 618, 625 (Ariz. 2005) (en banc); *United States v. Dare,* 425 F.3d 634, 642 (9th Cir. 2005) (describing the preponderance of the evidence as appropriate standard for factual findings used for sentencing). The Court finds that a jury could reasonably find by a preponderance of the evidence that the 1999 offense occurred. The 1999 offense must also not be too remote in time, and it must be introduced to prove an issue material to the case. These factors are covered below.

In determining whether unfair prejudice substantially outweighs the probative value of the 414/404(b) evidence, the Court next assesses: similarity, closeness in time, frequency, lack of intervening circumstances, and necessity.

**Similarity:** The extreme similarity between this offense and the Pinal County offense is obvious from the relevancy discussion above. They involve distributing and possessing child pornography from and on the same laptop computer, with some of the files being the same. The similarity between this offense and the 1999 conviction is more limited as discussed above, but the age of the children are all similar: young prepubescent

children, with a preference for girls. While Defendant argues to the contrary here, he recognizes as much in the Motion in Limine to preclude his prior conviction under Rule 609, where he argues the risk of prejudice increases when the prior conviction is the same or similar, and "both [the sexual abuse conviction and this case] involve sexual acts regarding children." It is the similarity of the prior acts to the acts charged that makes them so probative and likewise so prejudicial.

**Closeness in Time:** This offense and the Pinal County offense are in very close proximity of time: just a few months. The proximity between the 1999 conviction and this offense is closer than 15 years, if you consider that the Defendant was incarcerated for approximately 10 years. (Gov't Response to Motion in Limine to Preclude prior Conviction, pursuant to Rule 609 (Doc. 86)) (admitting Defendant was released September 21, 2011.) From September 21, 2011, there were three years until he committed this offense (December 2014) and four years until the Pinal County (October 2015) offense. Given his incarceration, Defendant committed conduct meeting the definition of child molestation in close proximity of time,[5] and frequently given there is only one year between the offenses in this case and the Pinal County offenses.

**Necessity:** This factor favors admitting the other acts evidence because the Government must establish that the Defendant intentionally and knowingly possessed child pornography and distributed child pornography from the Hereford IP address. The Rule 414 and 404(b) evidence is needed to rebut any assertion that someone else living on the Hereford property was engaging in the charged conduct or that Defendant's computer was hacked. Additionally, it will be necessary to link the Defendant to the Hereford, IP address, which is important in this case because the IP address was not in the Defendant's name. He used his father's IP address. The laptop was not found on the

---

[5]The Court rejects the Defendant's argument that statements from his stepchildren that he has not molested them show there have been intervening circumstances. According to the mother-in-law's statement to police related to the Pinal County investigation, the children reside with her. (Notice (Doc. 48) at Attachment 1 at 38) (during police interview, Friederich describes the children as living with her in the main house on property and herself as having legally adopted her grandson). A more relevant consideration of intervening circumstances is the Defendant's 10 year period of incarceration which cuts against him, not for him.

property at the time of the search. The Lenovo computer which was found on the Hereford property is not admissible. The Defendant lives in a 5th wheel RV, which is mobile and was not found on the property at the time of the search. So even if the Defendant were to stipulate to the images being child pornography,[6] the stipulation would not obviate the need for the 414 evidence to show it was the Defendant who committed the offenses charged in this indictment at the Hereford property using the Hereford IP address.

The Rule 414 evidence shows that the Defendant has a sexual propensity for young prepubescent children, especially little girls, that he has a propensity to acquire such pornography for his possession via the internet through sharing software which necessarily involves its distribution. The 414 and 404(b) evidence, including the large numbers of files possessed on his laptop is needed to show that he has committed the instant offenses, both possessing and distributing child pornography, knowingly and intentionally. The frequency and repetition of his other sharing activities go to show that this is his mode of operation, i.e., how he generally plans to acquire and possess child pornography.

The Court must turn to the question of prejudice: whether the testimony's probative value is substantially outweighed by unfair prejudice. The Court is not required to scrub the trial clean of all evidence that may have an emotional impact, and this is particularly true where the very nature of the crime alleged is inherently inflammatory. *United States v. Morales-Aldahondo,* 524 F.3d 115, 120 (1st Cir. 2008). And, it is the duty of the jury to see and weigh relevant evidence, even very disturbing evidence.

Having concluded the 414 and 404(b) evidence is highly probative, the Court also finds the images of prepubescent child pornography contained in the 414 and 404(b)

---

[6] The accepted rule is that "the prosecutor is entitled to prove its case by evidence of its own choice, or more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. United States,* 519 U.S. 172, 186-87 (1997). The Court does, however, factor the availability of the evidence by stipulation into the 403 analysis. *United States v. Merino-Balderrama,* 146 F.3d 758, 762 & n.3 (9th Cir. 1998).

evidence is highly prejudicial because it is inflammatory, reprehensible and abhorrent. There are three avenues available to the Court to reduce the potential prejudicial impact of the evidence: 1) limiting the number of images published to the jury, 2) issuing limiting instructions, and 3) conducting careful voir dire. The Court will do all three in this case.

First, the Court will exclude images that are unnecessarily graphic or are not similar to the images which are the subject of Count One. The Court will not allow cumulative evidence. The Court will allow witnesses to describe the images in lieu of publishing them all to the jury. To determine the limit of the number of images published to the jury, the Court must find the tipping point where the risk of unfair prejudice substantially outweighs the probative value of any additional individual image of child pornography. To do this, however, the Court must know what is in evidence and what images the Government proposes to add. The number of images the Government introduces in its case in chief will affect the Court's reasoning regarding admissibility of further images.

**Accordingly**

**IT IS ORDERED** that overruling Defendant's objections to admitting evidence pursuant to Rules 414 and 404(b).

**IT IS FURTHER ORDERED** that the evidence may be admitted, limited as described herein, and the Court will allow at most one image representative from each count (Counts One and Count Two), and one representative image from each, Phoenix and Chandler, download and one representative image from the Pinal County case.

**IT IS FURTHER ORDERED** that prior to trial the Government shall identify for the Court any images it intends to introduce in its case in chief.

**IT IS FURTHER ORDERED** that any video images the Government may propose be introduced under Rules 414 and 404(b) must be provided to the Court and Defendant prior to trial.

**IT IS FURTHER ORDERED** that admissibility of images under 414 or 404(b) will be ruled on by the Court upon the Government's motion to move them into evidence.

Dated this 12th day of April, 2018.

_____
Honorable David C. Bury
United States District Judge