**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Huntoon,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-21-00094-TUC-DCB<br>No. CR-16-00046-TUC-DCB<br><br>**ORDER** |

Pending before this Court is Petitioner's "Motion to Vacate Sentence or Correct Sentence," pursuant to 28 U.S.C. § 2255. ((Doc. 1 (Petition) in CV 21-94 TUC DCB); Doc. 188 (CR 16-46 TUC DCB)). The Court denies the motion and dismisses this action.

The Petitioner argues that his sentence is unconstitutional because the Court erred in failing to suppress evidence obtained from an illegal search of Defendant's laptop; erred in admitting evidence under Rules 414 (similar crimes in child-molestation cases) and 404b (other crimes, wrongs, and acts); erred in denying Defendant's Motion for Disclosure related to Torrential Downpour software and training; abused its discretion in failing to grant a mistrial, and that there was cumulative error.

In the screening Order, the Court summarized the Petitioner's claims as follows: Count 1, ineffective assistance of counsel at trial; Count 2, denial of due process right to a fair trial because the "404b cautionary instruction was "woefully inadequate"; Count 3, Sixth Amendment speedy trial violation by the Government for "unduly delaying the prosecution of his case"; Count 4, denial of due process right to a fair trial due to the

"admission and playing of Exhibit 20A, a redacted recorded jailhouse call between Defendant and his wife; Count 5, Fourth Amendment violation because probable cause to issue the State search warrant was founded on false material statements, therefore, the search of the laptop was presumptively unreasonable; Count 6, Fifth and Fourteenth Amendment due process violations because the State, without a court order, released the laptop to the Government and it was searched without a warrant; Count 7, factual innocence, and Count 8, ineffective assistance of counsel on appeal. (Order (Doc. 3) at 2-3.)

For the reasons explained below, the Court denies these claims because they are procedurally barred and entirely without merit.

A.   Conviction and Sentence

The Petitioner Defendant was charged with distributing child pornography (Count 1); knowing access of child pornography (Count 2), and possession of child pornography (Count 3). He was convicted by a jury of distributing and possessing child pornography. On July 24, 2018, the Court sentenced the Defendant to concurrent sentences of 240 months on Counts 1 and 3, to run concurrent with the sentence to be imposed in a pending state case. The Court sentenced Defendant to a lifetime of supervised release. On January 9, 2019, the Pinal County Superior Court imposed a 280-year sentence based on state convictions for 10 counts of sexual exploitation with a minor. He is currently in Arizona state custody, serving the 280-year sentence.

The Defendant appealed his convictions and sentences. On December 16, 2019, the Ninth Circuit affirmed both. On March 23, 2020, the Supreme Court denied his petition for certiorari. The Petitioner filed the habeas Petition, pursuant to 28 U.S.C. § 2255, on March 4, 2021.

B.     28 U.S.C. § 2255: Motion to Vacate or Correct Sentence

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's conviction and sentence as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instituted a one-year limitations period for collateral attacks by federal and state prisoners. 28 U.S.C. § 2255(f). As noted by the Government, the Petition is timely. An evidentiary hearing on prisoner's Motion to Vacate Sentence is mandatory if the record does not affirmatively manifest factual or legal invalidity of the prisoner's claims. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989). The Court may, however, summarily dismiss the Petition without holding a hearing because the Petitioner fails to allege facts which, if true, would entitle him to relief, and the Petition, files and record of the case conclusively show that he is entitled to no relief. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

Section 2255 was not intended to give prisoners another appeal; it may not be used to overturn their convictions on grounds which could have been raised on direct appeal. *United States v. Dunham,* 767 F.2d 1395, 1396 (9th Cir. 1985). Therefore, the Petitioner may not relitigate in his 2255 Petition an issue he unsuccessfully raised on appeal. *United States v. Redd,* 759 F.2d 699, 701 (9th Cir. 1985). This forecloses review pursuant to 28 U.S.C. § 2255 of the claims raised in Counts 2, 5 and 6. On direct appeal, the Defendant challenged the legitimacy of the warrant and the admission under Rule 414 of the prior child molestation conviction and admission of evidence under Rule 404b of prior charges of possession of child pornography. He lost on both arguments. The appellate court also

rejected his argument challenging the sufficiency of the Court's 404b cautionary instruction. *United States v. Huntoon,* 796 Fed. Appx. 362 (9th Cir. 2019). Procedurally, these claims cannot be relitigated on habeas review.

The remainder of the claims raised in Counts 2 through 7 are procedurally barred because they could have been raised at trial or on direct appeal from the conviction, but were not raised. They cannot be brought in a § 2255 proceeding unless the defendant can show cause for the procedural default and prejudice arising from the failure to raise them. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *McCleskey v. Zant*, 499 U.S. 467, 493-495 (1991); *Parks v. United States*, 832 F.2d 1244, 1245-46 (11th Cir. 1987). "[A] procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the cause and prejudice test." *Campino v. United States*, 968 F.2d 187, 189-90 (2d Cir. 1992). Where there is no showing of cause and prejudice pertaining to the failure to raise issues on direct appeal that are raised for the first time in a § 2255 motion, summary dismissal of those claims is warranted. *See Parks*, 832 F.2d at 1246; *Garland v. United States*, 837 F.2d 1563, 1565 n.4 (11th Cir. 1988).

"Cause" under the cause and prejudice test must be something that cannot be fairly attributed to the Petitioner, something external to the Petitioner. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). Examples of external factors that constitute cause, include "interference by officials," or "a showing that the factual or legal basis for a claim was not reasonably available to counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). If there is no showing of cause for the failure to raise the claims, the Court need not consider whether the petitioner was prejudiced by the procedural default. *Billy-Eko v. United States*, 8 F.3d 111, 114 (2d Cir. 1993).

To establish "prejudice," a petitioner must demonstrate prejudice so substantial that it undermines the integrity of the entire proceeding. *Frady*, 456 U.S. at 170; *Campino*, 968 F.2d at 188-91. Here, there is no showing of cause and no need to determine whether the Petitioner was prejudiced by the alleged errors. Nevertheless, the Court finds no prejudice exists because the claims of error are substantively without merit. The Court remembers

this case and the trial very well, and based on that record, the claims of error, singularly or in combination, did not prejudice the Defendant because the evidence supporting the conviction was overwhelming. It is accurately represented by the Government's statement of facts in its Response (Doc. 14) at 3-14.)

As noted by the Government, a Petition may be appropriate where petitioner argues he is actually innocent. (Response (Doc. 14) (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998) "'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (citing *Bousley,* 523 U.S. at 623 (actual innocence means factually innocent, not legal insufficiency)). The Petitioner makes an assertion of actual innocence in Count 7, but fails to present any argument supporting it. Given the record of conviction, no such argument could be made.

The Petition is procedurally barred for Counts 2 through 7. The only claims entitled to habeas review are Counts 1 and 8, which are both ineffective assistance of counsel claims. They fail, substantively.

Count 1 alleges ineffective assistance of trial counsel, and Count 8 alleges ineffective assistance of appellate counsel. In this case, trial counsel represented the Defendant on appeal.

The allegations of ineffectiveness at trial are that counsel did no request a 404(b) cautionary instruction; did not present any evidence to support the motion to suppress, and failed to raise a Speedy Trial argument. The charge that he had no counsel to consult with regarding a plea offer relates to the state proceeding and is not cognizable against his attorney representing him in this case.

At trial, Defendant's attorney addressed the cautionary instruction before it was given (Resp. (Doc. 14) at 27 (citing TR 4/18/18 at 4-12); she urged the Court to preclude other acts evidence entirely, *id.* (citing *Huntoon,* 796 F.Appx. at 364-65); she argued for suppression based on challenges to the warrant, *id.* (citing *Huntoon,* 796 F.Appx. at 363-64), and she asked for a *Franks* hearing, *id.* The Court granted the continuance of the trial

from March to April, 2018, as requested by the Defendant, because it denied the motion to preclude evidence of pornographic computer files and the jailhouse telephone calls by the Defendant asking his wife to accept responsibility for the pornography found on his laptop. Defendant had filed a motion to preclude the Lenovo tower evidence. "'The Court continued the trial date to Tuesday, April 17, 2018, to allow the Defendant time to have his expert examine the laptop and to afford him sufficient time to supplement his Motion to Suppress with any relevant evidence.'" *Id.* at 20 (citing Order (Doc. 142)).

On appeal, Defendant's attorney raised the arguments challenging the warrant which supported arguments to suppress evidence; argued the Defendant should have been given a *Franks* hearing, and she challenged the Court's cautionary instruction. These arguments were rejected on the merits. The Defendant argues that because his appellate counsel was his trial attorney, she was not positioned to argue ineffective assistance of trial counsel, and she failed to raise the arguments of error, he makes now—which are those the Court has determined to be procedurally barred.

Like the procedural default test, which failed due to a lack of prejudice, the ineffective assistance of counsel claims, likewise, fail. To establish ineffective assistance of counsel, Petitioner must show the attorney's performance fell below prevailing norms, which prejudiced the Petitioner. *Strickland v. Washington*, 466 U.S. 666, 687-88 (1984). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There exists a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *id.* at 689, and the Court must not second-guess counsel's decisions nor apply twenty-twenty vision in hindsight. *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994). A fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate counsel's conduct from her perspective at the time. *Id.*; *Strickland*, 466 U.S. at 689.

A review of the record coincides with this Court's recall of this case. The Defendant was represented by counsel who had extensive criminal experience, who reached reasonable decisions based on the facts in this case. The record included strong evidence of guilt, especially considering the appellate court's affirmation of this Court's rulings denying suppression of the computer evidence and admission of the Rule 414 and 404b evidence. The Petitioner cannot show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Supra above.*

**Accordingly,**

**IT IS ORDERED** that Petitioner's "Motion to Vacate Sentence or Correct Sentence (Doc. 1," pursuant to 28 U.S.C. § 2255, filed in CV 21-94 TUC DCB and (Doc. 188) filed in CR 16-46-TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 21-94 TUC DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED,** pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 9th day of February, 2022.

Honorable David C. Bury
United States District Judge